**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**ALLISON RIEGEL**,
an individual,
Plaintiff,

Hon.
Case No.

v.

**HUNTINGTON BANCSHARES, INC,**
For-Profit Corporation,
Defendant

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff Allison Riegel, ("Riegel"), by and through her attorneys at Avanti Law Group, PLLC, and states in support of this Complaint the following:

**NATURE OF ACTION**

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq.,* Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 USC § 2000e *et seq.,* and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.* to remedy Defendant's failure to provide a suitable place for Plaintiff to pump breast milk and its discrimination against Plaintiff on the basis of pregnancy and conditions related to pregnancy. Plaintiff demands appropriate relief for having been adversely affected by Defendant's actions.

1

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 42 USC §2000e-5 and 28 USC §1331, §1343(a)(4).

3. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative facts with Plaintiff's federal claim and the claims are most efficiently resolved together in one court.

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan.

5. Plaintiff has fulfilled all the conditions precedent to the institution of this action under 42 U.S.C. §2000(e). On or about May 4, 2022, Plaintiff filed a timely charge of discrimination with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission ("EEOC"), EEOC #23A-20222-00512. The charge alleged that she had been discriminated against on the basis of sex and pregnancy in violation of Title VII.

6. On September 25, 2023, the EEOC issued a Dismissal and Notice of Rights letter ("Notice") to Plaintiff. *See Exhibit A*.

7. This Complaint has been filed within ninety (90) days of receipt of the Notice.

## PARTIES

8. Plaintiff Riegel is an adult individual residing in Michigan.

9. Defendant Huntington Bancshares, Inc. ("Huntington Bank"), is a financial institution and is an employer within the meaning of section § 203(d) of Title 29 and of 42 U.S.C. § 2000e(b), (g), and (h). Defendant does business of more than $500,000 per year.

10. Defendant Huntington Bank's headquarters are in Columbus, Ohio, and it has multiple locations throughout the United States, including Michigan.

2

11. At all relevant times, Defendant employed more than 50 employees.

## GENERAL ALLEGATIONS

12. Plaintiff began working at TCF Bank in October 2020. Huntington Bank bought TCF Bank in 2021. Plaintiff worked at 2365 84th St. (Byron Center) and 6225 Kalamazoo Avenue (Kenwood), and she currently works at the Grandville location, 4495 Wilson Ave SW.

13. Plaintiff is currently a part-time customer experience banker.

14. Throughout her employment with Defendant, Plaintiff was qualified for her position and performed her job duties in a manner that was satisfactory or better.

15. During her employment with Defendant, Plaintiff had a child under the age of one (1) and had a need to express breast milk during the hours of her employment.

16. Plaintiff worked at the Byron Center branch in November 2021.

17. Plaintiff requested a private space where she could breast pump. Every room in the Byron Center had a surveillance camera.

18. Defendant informed Plaintiff that the only places she could breast pump were her car or the bathroom. These alternatives were patently and legally inadequate to provide Plaintiff with a private, reasonable place in which to express breast milk.

19. Amy Braun, who was the assistant manager at TCF Bank, told Plaintiff that she could breast pump at the corporate office, which was also located on Byron Avenue.

20. Plaintiff had to go between the buildings when she needed to breast pump. This put an unreasonable burden on Plaintiff to leave her place of employment to express breast milk.

21. When she worked at the Kentwood branch, Plaintiff initially had a room where she could breast pump in private. However, Defendant subsequently removed the blinds in the room, eliminating her privacy.

22. After the blinds were removed, Defendant informed Plaintiff that she would have to breast pump in the safety deposit box area.

23. The safety deposit box area is a small, cramped room that does not have an outlet. The only seating is a backless stool. Plaintiff was unable to plug in her breast pump or find a comfortable way to express milk. This room was not a reasonable space in which Plaintiff could breast pump.

24. Because Defendant failed to provide a reasonable space for Plaintiff to express breast milk, Plaintiff was forced to cease breast pumping.

25. During Plaintiff's employment, she was insulted and humiliated by her coworkers for being pregnant and being a nursing mother. Her coworkers stated that she was "fat" and that she should "have fun getting milked like a cow."

26. Her coworkers showed their displeasure whenever Plaintiff had to step out to breast pump.

27. The actions of her coworkers created a hostile work environment for Plaintiff.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, FORMER 29 USC § 207(r)

28. Plaintiff incorporates by reference all previous paragraphs as if fully stated herein.

29. In 2021, the Fair Labor Standards Act, § 207(r), required Defendant to provide a reasonable, private environment in which she could breast pump. [This section was subsequently

4

replaced in 2023 by 29 USC § 218d, which expands the Act's provisions to provide protection for more employees.]

30. Defendants failed to provide Plaintiff a reasonable, private, comfortable environment where she could breast pump.

31. As a result of Defendant's actions, Plaintiff suffered harm including economic and non-economic damages, such as out-of-pocket expenses and emotional distress.

## COUNT II

### DISCRIMINATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT OF 1978, 42 U.S.C. § 2000e(k), *et seq.*

32. Plaintiff incorporates by reference all previous paragraphs as if fully stated herein.

33. At all relevant times, Plaintiff was a member of a protected class as she was pregnant and then a breastfeeding mother.

34. At all relevant times, Plaintiff was qualified for her position and performed satisfactorily.

35. Plaintiff suffered harassment from her co-workers during and after her pregnancy. She was subjected to insults based on her pregnancy and her need to express breast milk during working hours, creating a hostile work environment based on her pregnancy and pregnancy-related condition (breastfeeding).

36. The harassment was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive work environment. A reasonable woman in Plaintiff's place would find the conduct harassing.

37. As a result of Defendant's actions, Plaintiff suffered harm including economic and non-economic damages, including emotional distress.

## COUNT III

### PREGNANCY DISCRIMINATION VIOLATION OF THE THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101 *et seq.*

38. Plaintiff incorporates by reference all previous paragraphs as if fully stated herein.

39. At all relevant times, Defendant was an employer and Plaintiff was an employee covered by and within the meaning of the Elliott-Larsen Civil Rights Act. MCL § 37.2101.

40. At all relevant times, Plaintiff was a member of a protected class as she was pregnant and then a breastfeeding mother.

41. At all relevant times, Plaintiff was qualified for her position and performed satisfactorily.

42. Plaintiff suffered adverse actions as she was subjected to harassment based on her pregnancy and pregnancy-related condition.

43. The harassment was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive work environment. A reasonable woman in Plaintiff's place would find the conduct harassing.

44. Defendant's actions were motivated by unlawful discrimination against Plaintiff because of her pregnancy and her pregnancy-related condition (breastfeeding).

45. As a result of Defendant's actions and inactions, Plaintiff suffered harm including emotional distress.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in her favor against Defendant for the following relief:

A. Compensatory damages in the amount Plaintiff is found to be entitled to;

B. Punitive and exemplary damages commensurate with the wrong;

C. An award of interest, costs, and reasonable, actual attorney fees; and

    D. Other statutory, legal, or equitable relief the Court may deem just or equitable.

Dated: December 18, 2023                              Respectfully Submitted,

                                                                      */s/   Robert Anthony Alvarez*      .
                                                                        Robert Anthony Alvarez (P66954)
                                                                        Attorney for Plaintiff
                                                                        Avanti Law Group. PLLC

## **REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: December 18, 2023,                           Respectfully Submitted,

                                                                     */s/   Robert Anthony Alvarez*      .
                                                                        Robert Anthony Alvarez (P66954)
                                                                        Attorney for Plaintiff
                                                                        Avanti Law Group, PLLC

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 12/12/2023

/s/ *[DocuSigned by: FBCBBB754F5143E...]*

Allison Riegel